137 A.3d 1260

**Kevin E. JACOBS**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW (BRIDGEVIEW PARTNERS).**

**Petition of Unemployment Compensation Board of Review.**

Supreme Court of Pennsylvania.

May 10, 2016.

Teresa Heacock Deleo, Gerard Matthew Mackarevich, Harrisburg, PA, for Unemployment Compensation Board of Review.

Bridgeview Partners, Pro Se.

Kevin E. Jacobs, Pro Se.

## ORDER

PER CURIAM.

**AND NOW,** this 10th day of May 2016, the Petition for Allowance of Appeal is **GRANTED.** Because the Commonwealth Court substituted its own assessments of the evidence and the credibility of the witnesses for that of the Unemployment Compensation Review Board's ("UCBR"), the judgment of the Commonwealth Court is **REVERSED,** and the determination of the UCBR is reinstated. *See Peak v. UCBR,* 509 Pa. 267, 501 A.2d 1383 (1985) (holding that the UCBR is "the ultimate finder of fact" and it is not an appellate court's function to balance the evidence; questions of credibility, and the resolution of evidentiary conflicts are not subject to reevaluation upon appellate review).

Chief Justice SAYLOR files a dissenting statement in which Justice DOUGHERTY joins.

Chief Justice SAYLOR, dissenting.

I respectfully dissent from the merits-based disposition of this case, since *per curiam* reversals at the allocatur stage are problematic. *See, e.g.,* DARLINGTON, ET AL., 20 PENNSYLVANIA APPELLATE PRACTICE § 1122:1 (2015–2016 ed.) (commenting on this "unusual" practice as being contrary to the appellate rules and depriving the parties of the opportunity to brief and argue the issues). Such orders are appropriate under limited circumstances, *see* 210 Pa.Code § 63.6(B); *Commonwealth v. Maurer,* 628 Pa. 13, 102 A.3d 421, 421–22 (2014) (Saylor, J., dissenting), and the litigants should be afforded a reasonably developed explanation for the reversal of the intermediate appellate court's rationale.

I do not believe that the majority's citation to generic constructs concerning the UCBR's status as fact-finder and the need for appellate deference on questions of credibility, without a discussion of the particular facts of this case, fulfills this objective. Indeed, the case upon which the majority relies, *Peak v. UCBR*, 509 Pa. 267, 501 A.2d 1383 (1985), is factually distinguishable and, thus, does not constitute directly controlling authority under an analogous paradigm. Accordingly, this Court should, at most, grant the request for allocatur and consider the merits upon full briefing by the parties.

Justice DOUGHERTY joins this dissenting statement.